IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BONNIDE JOHNSON,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 06-0869-CG-C** |
| **RICHARD ALLEN, et al.,** | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that plaintiff's motion for class action certification (Docs. 3 & 16) be denied.

**I. Nature of Proceedings**

    **A. Complaint (Doc. 1).**

In the complaint plaintiff alleges that as a Sunni Muslim his rights under the First Amendment, Religious Freedom Restoration Act, and Religious Land Use and Institutionalized Persons Act were violated by defendants Commissioner Richard Allen, Warden Grantt Culliver, Lt. Joe Raines, Sgt. Gaines, Officer R. Johnson and Officer

Watson.  Plaintiff complains that:

    1.  There is discrimination in the quality of the facility for Islamic worship as compared to that for Christian worship;

2.  Facilities provided are not adequate or commensurate with the tenets of Islam;

        3.  Other Muslims and he have been forced to attend Christian services;

            4.  Arbitrary and frivolous reasons have been given to them for canceling Islamic services;

    5.  Incoming Islamic literature is being censored by a Christian chaplain who has little or no knowledge of the tenets of Islam or the tenets of the different Islamic sects;

    6.  Daily harassment occurs when calling for the time for each sect's use of the masjid;

    7.  The masjid has been trashed and vandalized during searches, and plaintiff's property was confiscated, which is unlike the treatment the Christians' chapel received during the searches; and

    8.  He was verbally abused and threatened with being locked up when he sought to protect the sanctity of the masjid.

As for relief, plaintiff seeks declaratory and injunctive relief and punitive damages.

    **B.  <u>Motion for Class Action Certification (Docs. 3 & 16)</u> .**

    In plaintiff's motion for class action certification, plaintiff states that he is a Sunni Muslim and that there are three other Islamic sects at Holman Correctional Facility,

namely, The Nation of Islam, The Moorish Science Temple of America, and The 5% Nation of Islam.  Plaintiff seeks to represent all of the members of these sects at Holman and those prisoners who belong to those sects at other Alabama prisons who may be transferred there in the reasonably near future and those prisoners who will convert to one of the sects in the reasonably near future.  All of these sects hold their meetings and primary worship services in the masjid pursuant to prison administration directives.

Plaintiff further maintains that there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interest of the class.  Plaintiff concedes that he cannot by law represent the class and therefore he requested appointment of counsel, which has been denied.  In conclusion, plaintiff states that all of the requirements of Rule 23(b) have been met.

### C.  **Defendants' Opposition to Certification of Class Action (Doc. 15).**

Defendants assert that plaintiff has failed to meet any of the requirements for a class action under Rule 23(a) and (b) except for plaintiff saying that this action is brought on behalf of himself and others similarly situated.  Furthermore, defendants contend that plaintiff did not address a single facet of the test except for stating that there are common issues of fact and law between members of the putative class.  Thus, according to defendants, plaintiff has failed to carry his burden.

### D.  **Plaintiff's Response to Defendants' Opposition to Certification of Class Action (Doc. 17).**

Plaintiff disputes defendants' opposition, believing that they may not have received a copy of his motion so he re-sent to them a copy of the motion.  Plaintiff maintains that he meets the prerequisites of Rule 23(a) and that he satisfies Rule 23(b) because common questions of law or fact predominate and invites the Court to examine the complaint to see this.  As for the prerequisite that the representative parties, fairly and adequately protecting the interest of the class, plaintiff urges the Court to appoint counsel and insists there is an obligation to appoint counsel pursuant to Rule 23(g) in an instance such as this.

## II.  Analysis.

The party moving for class certification must satisfy the four elements for a class action contained in Rule 23(a) of the Federal Rules of Civil Procedure.  *Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir. 1984).  Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

"These requirements are commonly referred to as ''the prerequisites of numerosity, commonality, typicality, and adequacy of representation. . . .''"  *Franze v. Equitable Assurance,* 296 F.3d 1250, 1253 (11th Cir. 2002) (citations omitted).  All four elements must be satisfied in addition to one of the subparts of Rule 23(b).  *Kirkpatrick v. J. C. Bradford & Co.,* 827 F.2d 718, 721 n.2 (11th Cir.), *cert. denied,* 485 U.S. 959 (1988).

Plaintiff maintains that the numerosity prerequisite is satisfied. This prerequisite calls for plaintiff to show that the members of proposed class are so numerous that joinder is impractical. Plaintiff, however, merely identified four Islamic sects as being present at Holman. It appears that the present members of these sects at Holman will serve as the bulk of the class members, realizing that expanding the class to all new converts or Muslims transferred to Holman is a problem. Nonetheless, plaintiff did not provide the number of prisoners who presently belong to these sects at Holman. Plaintiff thus had not borne his burden of showing that the class members are so numerous that joinder is impractical. *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir. 1981) ("In order to satisfy his burden with respect to this prerequisite, a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.");[1] *see Gilchrist,* 733 F.2d at 1556 (finding that by not showing the number of nonsupervisory black employees whose claims would not be barred by the statute of limitations, the plaintiff did not meet her burden in regard to the numerosity prerequisite because she only provided a raw number of persons employed at the post office where she worked).

Plaintiff's failure to satisfy the numerosity prerequisite results in the undersigned finding that plaintiff's motion is due to be denied. That is, plaintiff must bear his burden

---

[1] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

on all four prerequisite under Rule 23(a) and on one of Rule 23(b)'s subparts.  *Kirkpatrick,* 827 F.2d at 721 n.2.  Having failed to bear his burden on one prerequisite of Rule 23(a), plaintiff is precluded from being successful on his motion.  Because plaintiff has failed to meet his burden on this element of Rule 23(a), the Court is not obligated to discuss the remaining prerequisites.  Furthermore, there is no obligation under Rule 23(g) to appoint counsel.  *See* FED.R.CIV.P. 23(g)(1)(A) ("Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.").

    Having stated the above reason for the denial of the motion, the Court additionally observes that the other prerequisites for certifying a class were not adequately supported for the Court to find for plaintiff on his motion.  Plaintiff's only attempt to address, not satisfy, one of the class prerequisites is the prerequisite that the representative parties will fairly and adequately protect the interest of the class.  And plaintiff only addresses the portion of that prerequisite that inquires into "' whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation. . . .'" *Kirkpatrick,* 827 F.2d at 726 (quotation omitted).  But, because counsel is not involved in this action, and plaintiff is proceeding *pro se*, the Court would be concerned with plaintiff's ability to conduct a class action.  This adequacy determination is based on plaintiff's qualifications and experience, which plaintiff has not revealed to the Court.  Ordinarily, a *pro se* litigant does not have the legal training and experience required to protect the interest of the class. *Cotner v. Knight,* 61 F.3d 915, 1995 WL 441408, at **15 (10th Cir. 1995) (unpublished). And the Court in a § 1983 action is not under a duty to cure the lack of legal training by

appointing counsel because appointment of counsel is not mandated by the Constitution in a civil case. *Howard v. Dougan,* 221 F.3d 1334, 2000 WL 876770, at *1 (6th Cir.) (unpublished), *cert. denied,* 532 U.S. 948 (2001).

In *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975), the *pro se* plaintiff was an inmate who sought damages and injunctive relief from prison policies that allegedly violated his and other class members' constitutional rights. The Fourth Circuit ruled:

> Ability to protect the interests of the class depends in part on the quality of counsel, . . ., and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others. . . . Neither Oxendine nor any other prisoner has assigned error to the class aspect of this case, but it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action. . . .

*Id.* at 1047.

The undersigned agrees with the *Oxendine* court's conclusion that a *pro se* prisoner's competence is too limited to represent the interests of others. Plaintiff's pleadings have not shown plaintiff to be an exception from this rule. And plaintiff yields this point for another reason. (Docs. 3 & 16 at 2).

### III. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that plaintiff's motion for class action certification be denied.

The attached sheet contains important information regarding objections to the

report and recommendation.

      **DONE** this 19th day of June, 2007.

                                      **s/WILLIAM E. CASSADY**
                                      UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in

the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        s/WILLIAM E. CASSADY
                                        UNITED STATES MAGISTRATE JUDGE

9