IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BONNIDE JOHNSON, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 06-0869-CG-C |
| RICHARD ALLEN, et al., | : |
| Defendants. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This cause if before the court on the Report and Recommendation of the Magistrate Judge (Doc. 21) and plaintiff's objection to the Report and Recommendation. (Doc. 28). The Report and Recommendation recommends denial of plaintiff's motion for class action certification (Docs. 3, 16).

In his complaint (Doc. 1) plaintiff alleges that, as a Sunni Muslim, his rights under the Constitution and laws of the United States were violated by defendants in a number of ways. He seeks to become representative for a class action, naming the class as all prisoners at Holman prison who subscribe to one of four Islamic sects, all state of Alabama prisoners who belong to one of the named Islamic sects and who may transfer to Holman prison in the reasonably near future, as well as those prisoners who will convert to any of the four sects in the reasonably near future. The magistrate judge recommends that plaintiff's motion be denied because the plaintiff did not satisfy the numerosity prerequisite to maintaining a class action, and because he failed to

1

show that, as representative party, he could fairly and adequately protect the interest of the class.[1] In his objection to the Report and Recommendation, plaintiff attempts to cure the inadequacy of the numerosity prerequisite by alleging that there are 34 active members of the four Islamic sects at Holman prison in the general prison population, and 10 additional members in the Holman segregation unit. Even if the court views this allegation as constituting a sufficient showing as to numerosity, class certification is still inappropriate. As long as plaintiff remains pro se, he can not adequately represent the interest of the class. As stated by the District Court in Kansas,

> Due process requires that the Court "stringently" apply the competent representation requirement because class members are bound by the judgment (unless they opt out), even though they may not actually be aware of the proceedings. See Albertson's, Inc. v. Amalgamated Sugar Co., 503 F.2d 459, 463-64 (10th Cir.1974). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant. See 7A Charles A. Wright et al., Federal Practice and Procedure § 1769.1 n. 12; see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (pro se prisoners are not adequate representatives for a class). Moreover, although plaintiff has the right to appear

---

[1] FEDERAL RULE OF CIVIL PROCEDURE 23(a) provides:
> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

"These requirements are commonly referred to as ''the prerequisites of numerosity, commonality, typicality, and adequacy of representation. . . .''" Franze v. Equitable Assurance, 296 F.3d 1250, 1253 (11th Cir. 2002) (citations omitted). All four elements must be satisfied in addition to one of the subparts of Rule 23(b). Kirkpatrick v. J. C. Bradford & Co., 827 F.2d 718, 721 n.2 (11th Cir.), cert. denied, 485 U.S. 959 (1988).

>pro se on his own behalf, he may not represent another pro se plaintiff in federal court. See 28 U.S.C. § 1654; United States v. Grismore, 546 F.2d 844 (10th Cir.1976); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir.1982); United States v. Taylor, 569 F.2d 448 (7th Cir.), cert. denied, 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803 (1978).

Lile v. Simmons, 143 F. Supp 2d 1267, 1277 (D. Kan. 2001).

For the foregoing reasons, the court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DENIES** the motion for class certification.

**DONE** and **ORDERED** this the 4th day of January, 2008.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE